UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

GINO D'OTTAVIO,

                                          Civil No:

                  Plaintiff,             **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

     -against-                       **DEMAND FOR JURY TRIAL**

CAPITAL ONE BANK (USA), N.A.

                  Defendant.

-------------------------------------------------------------X

Plaintiff GINO D'OTTAVIO, ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant CAPITAL ONE BANK (USA), N.A (hereinafter referred to as "Defendant"),and respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiffs brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.  The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing*, 137 Cong. Rec. 30,821 (1991).

3. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in Atlantic County, New Jersey.

6. Defendant is a national bank with its headquarters at 1680 Capital One Financial Corp Drive, Mclean, Virginia 22102.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiff's cellular telephone phone number of (609) xxx-7227 on dozens of occasions.

11. Plaintiff is the customary and sole user of the cellular phone number (609) xxx-7227, and has been the customary and sole user of that phone number at all times relevant hereto.

12. The Defendant called from numerous phone numbers, including but not limited to 800-955-6600.

13. Plaintiff confirmed that this phone number belongs to Defendant by calling that number and being greeted by an automated robotic voice stating:

"Thanks for calling Capital One."

14. Plaintiff on multiple occasions told the Defendant to stop calling any of his phone numbers on file, including in May of 2015 and on or around September 3, 2015.

15. During the September 3, 2015 phone call, Defendant called the Plaintiff and the Plaintiff answered the call.  After a few second pause, Defendant's customer service representative then came on the line. Defendant's representative stated that they

were calling on behalf of Capital One and looking for the Plaintiff. Plaintiff asked if the Defendant had actually called his phone number, and Defendant acknowledged that the call was computer generated from an automated dialing system.

16. Plaintiff further requested on multiple occasions for Defendant to stop calling his telephone number and to remove all numbers.

17. Despite Plaintiff's repeated requests, Defendant continued to incessantly call Plaintiff's cellular telephone with an automated telephone dialing system.

18. Defendant's use of an automated telephone dialing system was further clearly indicated by the fact that no customer service representative was on the line when the Plaintiff would answer the Defendant's calls.  Instead, there would be a delay after the Plaintiff answered the phone until a customer service representative would come on the line.

19. By placing auto-dialed texts to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

20. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of the cellular telephone, and invaded on the Plaintiff's right to privacy and seclusion, which is the very harm that Congress sought to prevent by enacting the TCPA.

21. The Defendant's repeated calls caused the Plaintiff to be harassed, stressed,

frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls text messages.

22. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

23. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

### FIRST CAUSE OF ACTION

24. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

26. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

27.  As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

### DEMAND FOR TRIAL BY JURY

28. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its

Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the

Defendants as follows:

   A. For mandatory statutory damages of $500 each provided and pursuant

to 47 USC §227(c)(2)(G)(3)(B), for all texts placed to the Plaintiff's cellular phone;

   B.  Plaintiff requests enhanced trebled damages of $1,500 to be awarded

to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful

violations of the TCPA;

   C.  For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.


Dated: December 26, 2016

       Respectfully submitted,

       By: /s/ Yitzchak Zelman
       Yitzchak Zelman, Esq.
       MARCUS & ZELMAN, LLC
       1500 Allaire Avenue, Suite 101
       Ocean, New Jersey 07712
       Phone: (732) 695-3282
       Facsimile: (732) 298-6256
       Email: yzelman@marcuszelman.com
       Attorneys for Plaintiff


       By: /s/ Ari H. Marcus
       Ari H. Marcus, Esq.
       MARCUS & ZELMAN, LLC
       1500 Allaire Avenue, Suite 101
       Ocean, New Jersey 07712
       Phone: (732) 695-3282
       Facsimile: (732) 298-6256
       Email: ari@marcuszelman.com
       Attorneys for Plaintiff